UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSION ON JUDICIAL PERFORMANCE, et al.,<br><br>  Defendants. | Case No. 22-cv-06204-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Loureece Stone Clark, a detainee at Napa State Hospital ("NSH") who is proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Commission on Judicial Performance, the State Bar of California, and three individuals Medical Board of California and three individuals.[1]  (ECF No. 1 at 2.)  In an approximately six-month period, Plaintiff filed 12 cases in this court.[2]  Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in a separate order.  For the reasons explained below, the case is DISMISSED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

---

[1] Plaintiff does not identify what governmental positions these defendants hold, but they appear to be judges in the Marin County Superior Court.  (*See* ECF No. 1 at 2, 4, 21.)
[2] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Dep't. of Marin County Sherriff Dep't., et al.*, No. C 22-4972 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Board of Equalization*, No. C 22-6169 JSC; *Clark v. Supervisors for Marin County*, No. C 22-6173 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Medical Board of California, et al.*, No. C 22-6174 JSC; *Clark v. Alameda Cty. Dep't of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Marin County Sherriff's Dep't., et al.*, No. C 22-7295 JSC; *Clark v. Social Security Administration, et al.*, No. 23-0967 JSC.

1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by parties who are not represented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff sets forth the following claim:

> The respondents['] false claim as a third party interloper not in compliance with UCC 1-308/1-207 without prejudice and willful failure to honor, COMPLAINT and SECOND NOTICE without prejudice placing the Respondent(s) in default.  The Respondent(s) failure, refusal or neglect in the presentment of a verified response constitutes the Respondent(s) failure to perform in good faith, acquiescence, and tacit agreement with all terms, conditions and stipulations set forth and a completion of an administrative process.  Therefore this matter is deem[ed] res judicata and stare decisis.

2

(ECF No. 1 at 2-3.)

This is the exact same claim Plaintiff made in a prior case in which he sued the Medical Board of California and three individuals, including one of the defendants in the instant case (Defendant Jordan).  *See Clark v. Medical Board of California, et al.*, No C 22-6174 JSC.  As explained in the order dismissing that case, this claim is incomprehensible and therefore frivolous:

> Plaintiff's claim is incomprehensible.  A claim that is totally incomprehensible is frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis).  The alleged "false claim" is unexplained, as are the terms "third party interloper" and "UCC 1-308/1-207."  (ECF No. 1 at 2.)  The allegation that Defendant's "willful failure to honor, COMPLAINT AND SECOND NOTICE without prejudice placing the Respondent(s) in default" is incomprehensible.  (*Id.*)  In addition, Plaintiff does not explain what Defendants failed to present a "verified response" to, what Defendants failed to "perform in good faith," what "terms" and "conditions" applied to Defendants, or what "administrative process" was completed by whom.  (*Id.*)  Plaintiff also cites the legal doctrines of "res judicata" and "stare decisis" without any explanation for how such doctrines apply to his case.  Because the claim is incomprehensible, it must be dismissed as frivolous.

*Id.* (ECF No. 11 at 3.)

Because the claim is incomprehensible, moreover, the Court cannot discern how it could be cured by amendment.  *Cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility).  Accordingly, the case is dismissed without leave to amend.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend.  The motion to amend is GRANTED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 21, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

3